UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHONG HAO SU, | : | Case No. 1:07-cv-903 |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| CITY GENERAL POLICE OFFICE, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION[1] THAT: (1) THE COMPLAINT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE; AND (2) THIS CASE BE CLOSED

Plaintiff filed his Complaint (Doc. 6) in this case on November 15, 2007, more than 120 days ago. The record, however, contains no indication that the named Defendant has waived service of process or that Plaintiff has served the named Defendant with a summons or with a copy of the Complaint.

On March 21, 2008, the Court ordered Plaintiff to show cause on or before April 10, 2008 why this case should not be dismissed for lack of prosecution based on Plaintiff's failure to serve Defendant with the summons and complaint. (Doc. 16.) On March 28, 2008, Plaintiff filed a motion for extension of time to respond to the Court's Order To Show Cause. (Doc. 18.) This Court granted Plaintiff's motion, giving him an additional 20 days, until April 30, 2008, to respond. (Doc 19.) On April 8, 2008,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff again requested an extension of time to respond to the Court's Order To Show Cause. (Doc. 20.) The Court granted Plaintiff's motion, giving him until May 20, 2008 to respond. (Doc. 21.) By the May 20, 2008 deadline, Plaintiff had failed to respond to the Court's Order To Show Cause, or to seek an additional extension of time, or to serve Defendant with a summons and a copy of the complaint.[2]

Although the Court prefers to adjudicate cases on their merits, Plaintiff has engaged in a clear pattern of delay by failing to respond to the Court's Order to Show Cause and by not prosecuting his case in any manner since filing his complaint more than six months ago. Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Hobson v. Department of Treasury*, No. 99-1274, 2000 WL 145170 (6th Cir. Feb. 1, 2000).

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's complaint (Doc. 6) be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b), and that this case be **CLOSED.**

Date: July 24, 2008                              s/ Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge

---

[2] Today Plaintiff filed a motion to stay the proceedings for an indeterminate period (Doc. 28) due to health considerations and other priorities in his life. The undersigned cannot stay this case for an undeterminable period of time, and Plaintiff's motion does not change the undersigned's Report and Recommendation, because dismissal does not prevent Plaintiff from refiling at a later date.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHONG HAO SU, | : | Case No. 1:07-cv-903 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| CITY GENERAL POLICE OFFICE, | : | |
| | : | |
| Defendant. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).